FILED
U.S. District Court
District of Kansas
08/19/2026
Clerk, U.S. District Court
By: SND Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KEVIN ISIDRO-CRUZ,

Petitioner,

v.

TODD BLANCHE, Acting United States Attorney;
Secretary, DHS;
ICE, Acting Director; and
MISTY MACKEY, Warden,
Midwest Regional Reception Center,

Respondents.

Case No. 26-3189-JWL

**MEMORANDUM AND ORDER**

Petitioner, acting *pro se*, filed a petition for habeas corpus under 28 U.S.C. § 2241, by which he challenges his detention by immigration officials. For the reasons set forth below, the petition is **granted in part and denied in part**. Respondents are ordered either to release petitioner or to ensure that petitioner receives a bond hearing pursuant to 8 U.S.C. § 1226(a) on or before **August 31, 2026**, and they are further ordered to provide notice to this Court when such relief has been given. The Court denies any request for other relief.

In 2023, removal proceedings were initiated against petitioner, a native of Mexico, and in May 2024 his removal was ordered *in absentia*. On August 13, 2025, immigration officials took petitioner into custody. The immigration court granted petitioner's motion to reopen his removal proceedings on August 25, 2025; but on November 26, 2025, that court denied petitioner's application for relief and ordered petitioner's removal. Petitioner appealed that decision to the Board of Immigration Appeals (BIA), and that appeal remains

pending.[1] Petitioner is presently in custody in this judicial district. On June 22, 2026, petitioner filed the instant habeas action. Respondents filed an answer and a supplemental answer (at the Court's request), and petitioner has filed a traverse, and the matter is therefore ripe for ruling.

To obtain habeas corpus relief, petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2241(c)(3). This Court has habeas corpus jurisdiction to consider the statutory and constitutional grounds for immigration detention that are unrelated to a final order of removal. *See Demore v. Kim*, 538 U.S. 510, 517–18 (2003).

First, petitioner appears to assert a claim in his petition that he is entitled to release under the framework adopted by the Supreme Court in *Zadvydas v. Davis*, 533 U.S. 678 (2001), to assess a claim of an unreasonably prolonged detention under 8 U.S.C. § 1231 after issuance of a final removal order. *See id.* Because petitioner's appeal of the removal order remains pending, however, that order is not yet administratively final, and mandatory detention under Section 1231 has not yet begun. *See* 8 U.S.C. § 1231(a)(1)(B)(i). Thus, the *Zadvydas* framework does not apply to petitioner's detention, and the Court denies any such claim.

[1] Petitioner did not file a brief with the BIA by the March 4, 2026, deadline. Petitioner attempted to withdraw his appeal at one point, and officials emailed the withdrawal motion to the BIA for petitioner, but the BIA apparently rejected the filing in that form, and petitioner has not renewed his attempt to withdraw the appeal. The Government has requested summary affirmance, but the BIA has not yet ruled on the appeal.

Petitioner also claims that he is being subjected to detention under 8 U.S.C. § 1226(c), which mandates detention for certain criminal aliens prior to issuance of a final removal order; and that he should be released because that detention has become unreasonably prolonged in violation of due process. In response to this claim, the Government states that petitioner is not being detained pursuant to Section 1226(c) because of any qualifying conviction, and that he instead subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). In his traverse, petitioner insists that he is being detained without a bond hearing pursuant to Section 1226(c), and he again argues for release under the multi-factor test this Court has used to assess such claims. Again, however, the Government has disclaimed any reliance on that statutory provision, and therefore petitioner's claim of prolonged detention under Section 1226(c) fails. Moreover, even if the Court were to consider petitioner's detention under the same test that it applies in Section 1226(c) cases, petitioner would not be entitled to his outright release, as the Court in such cases has considered the reasonableness of prolonged detention *without a bond hearing*, and it has therefore ordered a bond hearing (and not outright release) in cases warranting relief. *See, e.g.*, *Nguyen v. Carter*, 2026 WL 522650 (D. Kan. Feb. 25, 2026) (Lungstrum, J.). The Court thus denies any claim for petitioner's outright release.

The Court does agree, however, that petitioner should not be subject to mandatory detention, and it grants petitioner's alternative request for a bond hearing. The Government takes the position that petitioner is subject to mandatory detention under Section 1225(b)(2)(A). Petitioner was not recently detained as an alien newly arriving in the United States, however; instead, he had been present in the United States for a period of years

when he was detained. In cases involving similar circumstances, this Court has rejected the Government's interpretation of Section 1225(b)(2) in favor of the interpretation adopted by the overwhelming majority of courts that have addressed the issue; and the Court has held that detention in such cases is only authorized by 8 U.S.C. § 1226(a), which allows for discretionary release on bond. *See, e.g.*, *Galdamez Orellana v. Welsh*, 2026 WL 710121 (D. Kan. Mar. 13, 2026) (Lungstrum, J.). The Tenth Circuit has now rejected the Government's interpretation as well. *See Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026). Respondents concede that the relevant facts of the present case are not materially distinguishable from those in the cited cases, and they therefore acknowledge that the reasoning of those cases would also apply here. Thus, pursuant to *Santillan Quiroz*, and for the same reasons set forth in that case and in the Court's opinion in *Galdamez Orellana*, the Court concludes in this case that the Government may not detain petitioner under Section 1225(b)(2)(A), and that it may therefore detain petitioner pending a final removal decision only under Section 1226(a); and that the Government has therefore violated these statutes by refusing to allow for consideration of petitioner's release on bond under Section 1226(a).

With respect to the relief for this violation, the Court denies petitioner's requests for release or for a bond hearing under particular terms. For the same reasons cited by this Court and by the Tenth Circuit, *see Santillan Quiroz*, 180 F.4th at 1251 n.13; *Galdamez Orellana*, 2026 WL 710121, at *3-4, the Court concludes that the most appropriate remedy for this violation is to require simply that petitioner be granted a bond hearing as if detained under Section 1226(a). Accordingly, the Court orders respondents either to release

petitioner or to ensure that petitioner receives a bond hearing pursuant to 8 U.S.C. § 1226(a), at which petitioner's suitability for release on bond is considered on its merits, on or before **August 31, 2026**.[2]

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus pursuant to 28 U.S.C. § 2241 is hereby **granted in part and denied in part**. Respondents are ordered either to release petitioner or to ensure that petitioner receives a bond hearing pursuant to 8 U.S.C. § 1226(a) on or before **August 31, 2026**, and they are further ordered to provide notice to this Court when such relief has been given. The Court denies any request for other relief.

IT IS SO ORDERED.

Dated this 19th day of August, 2026, in Kansas City, Kansas.

/s/ John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge

---

[2] Respondents have not argued or provided evidence that a hearing could not be conducted within that timeframe. Nor have respondents argued that an immigration judge could not conduct a bond hearing for petitioner on the merits. Although this Court lacks jurisdiction to review an immigration judge's denial of release on bond, *see Chen v. Dorneker*, 2021 WL 5769354, at *2 (D. Kan. Dec. 6, 2021) (Lungstrum, J.) (citing 8 U.S.C. § 1226(e)), it would not be precluded from reviewing an immigration judge's refusal to conduct a hearing based the *Yajure Hurtado* decision by the Board of Immigration Appeals.